**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**CHARLES ABRAHAM SMITH, JR.**                                 **PLAINTIFF**

**v.**                          **Case No. 2:26-CV-02022-DCF-CDC**

**DANIEL SHUE,** *et al.*                                      **DEFENDANTS**

## ORDER

In a Report and Recommendation dated April 28, 2026, the Honorable Christy D. Comstock, United States Magistrate Judge, recommended that Plaintiff's application for leave to proceed *in forma pauperis* be denied and that this action be dismissed without prejudice. (Doc. 17). Plaintiff objected on May 12, 2026. (Doc. 18). He subsequently filed a Supplement to the Objection (Doc. 19) and a Supplement to the Complaint (Doc. 20). Based on a de novo review of the record, the Court finds proper and ADOPTS the Report and Recommendation and OVERRULES Plaintiff's Objection.

### I.      BACKGROUND

Plaintiff Charles Abraham Smith, Jr., proceeding *pro se*, brings a civil rights action against the prosecuting attorney and public defender of Sebastian County, Sebastian County itself, the city of Fort Smith, and several unnamed police officers and municipal officials on the basis that he has been incarcerated for something he did not do. (Doc. 1). He is currently incarcerated at the

1

Arkansas Division of Corrections' Varner Supermax facility in Grady, Arkansas. (*Id.*). He disputes his underlying conviction and alleges that Defendants violated his Constitutional rights by incarcerating him "without a fair court rehearing and hearing" and "depriv[ing] [him] of [the] chance to put up defence (sic)." (*Id.* at 8). He asks for $50 million, for his untimely appeal in his previous federal lawsuit to be accepted, and for his underlying state criminal convictions to be overturned or for his sentences to be reduced. (*Id.* at 14).

Plaintiff's Objection to the Report and Recommendation, Supplement to the Objection, and Supplement to the Complaint essentially reiterate the arguments put forth in the Complaint. He offers documentation of his communications with the Sebastian County Circuit Clerk regarding his attempts to file a belated appeal of his underlying conviction and withdraw his guilty plea. (Doc. 20, pp. 15-26, 28-48). He also submits a letter from an attorney he contacted about his case, who states that he does "not know about the status of [his] attempt to file a belated appeal" but that "no appeal was ever docketed," to show that his attempts to file a belated appeal were not docketed by the court. (*Id.* at 27).

Plaintiff restates in his Objection and related filings that he did not commit the crimes for which he was convicted and that the sentence imposed was not what he "agreed to in court." (*Id.* at 6). He also argues that he would not have

accepted the plea deal had his public defender properly advised him of the sentencing guidelines.  (*Id.* at 3).

## II.  DISCUSSION

Before service of process may be issued, the court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint, or any portion of it, if it contains claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).  When a plaintiff files a complaint that fails to state a claim upon which relief may be granted, his IFP application will be denied and the action dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

To state a claim upon which relief may be granted, a complaint must allege specific facts, which, if proven true, would entitle the plaintiff to some legal recourse against the defendants based on some cognizable legal theory.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold a '*pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Though courts

3

must "view *pro se* pleadings liberally, such pleadings may not be merely conclusory." *D'Andrea v. Washington County*, No. 14-3139, 2014 WL 4411050 (D. Minn. Sept. 5, 2014) (citing *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980)).  A complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Plaintiff has failed to state a claim upon which relief can be granted because he has not alleged specific facts that, if true, would entitle him to legal recourse against Defendants.  There has been a longstanding prohibition against individuals challenging state criminal convictions in a federal civil rights action. *See Heck v. Humphrey*, 512 U.S. 477 (1994).  The Supreme Court reaffirmed this rule by stating in relevant part:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . , [a civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87 (footnote omitted).  This rule "requires favorable termination of the [criminal] action in an authorized state tribunal or a federal habeas corpus court, even if the [civil] claim is for damages rather than earlier release."

4

*Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996).

Based on the Complaint, Objection to the Report and Recommendation, and the two Supplements Plaintiff has filed in this case, it is clear that his claim seeks an avenue to relitigate his underlying convictions. This type of claim is barred under *Heck*. Notably, Plaintiff's previous attempt to file this type of claim in this court was dismissed at the screening stage for failing to state a claim. *Smith v. Shue, et al.*, No. 2:23-CV-2061. Plaintiff filed an appeal from that dismissal, and the Eighth Circuit dismissed his appeal as untimely. *Id.*

Given the well-settled bar against this type of claim, the Court must dismiss Plaintiff's case. Plaintiff will still be able to pursue his civil rights claim if his state convictions are ever overturned, as the "§ 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *See Heck*, 512 U.S. at 489-90. However, civil rights statutes are not the proper means by which a person in custody pursuant to a state court judgment may raise a challenge in federal court as to the validity of the conviction, sentence, or execution of that sentence. To the extent that Plaintiff attempts to do so here, the Court must deny his IFP motion and dismiss his case.

## III.    CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN ITS ENTIRETY** the Report and Recommendation (Doc. 17) and overrules Plaintiff's Objection (Doc. 18).    Accordingly, Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 13th day of August 2026.

*/s/David Clay Fowlkes*

DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE